HOLMES *v.* THE YELLOW TAXICAB CO. ET AL.

(Decided January 23, 1928.)

Mr. *S. S. Burtsfield* and Mr. *W. H. Wagers,* for plaintiff in error.

Messrs. *Taber, Chittenden, Daniells & Cochrane,* for defendants in error.

LLOYD, J.   Maud Holmes, as plaintiff, commenced an action in the court of common pleas against the defendants the Yellow Taxicab Company and the Toledo Transfer Company to recover compensation for personal injuries alleged to have been sustained by her on October 12, 1926, because of the alleged negligence of the defendants.

She was on her way home "from town" and alighted from a street car at the corner of Page and Cherry streets, in Toledo.  Cherry street extends in a northwesterly and southeasterly direction, and the street car at the time in question was proceeding northwesterly. Before plaintiff, after alighting from the street car, reached the curb on her way to the sidewalk, she was struck by a taxicab proceeding in

the same direction as the street car. The plaintiff alleged and claimed that this was one of a number of Yellow taxicabs, so designated, owned by the Yellow Taxicab Company, and operated in Toledo by the Toledo Transfer Company, under contract between the two companies. Plaintiff testified that she had "ridden in lots of Yellow cabs," and that "it was broad daylight, and I saw the words 'Yellow cab' written on the side of it, and I know that it was a Yellow cab. Looked at it and saw it."

Richard Wall, president and general manager of each of the defendants, testified that the Toledo Transfer Company was the operating company; that at the time of the occasion in question the Toledo Transfer Company was operating 50 or more "Yellow cabs" on the streets of Toledo, and that those so being operated were being operated by employees of that company; that so far as he had knowledge the cabs so being operated by these employees were the only ones having the words "Yellow Cab" printed thereon; that he had no knowledge of any other "Yellow taxicabs," with the words "Yellow Taxicab Company" printed thereon, having been operated in Toledo on October 12th, except that he had "this information or knowledge, if you want to call it that, that at several certain times cars are driven in from Detroit on to Cleveland and other places north and east, with 'Yellow Cab,' the same insignia we have on our cars—drive-aways;" that Yellow cabs in operation in other cities are exactly like those operated by the Toledo Transfer Company in Toledo.

At the conclusion of plaintiff's evidence, the court, upon motion, directed a verdict in favor of the defendants, his authority therefor being, as he stated,

*Sobolovitz* v. *Lubric Oil Co.,* 107 Ohio St., 204, 140 N. E., 634.

An examination of the *Lubric Oil case* will disclose that the court held that there was evidence tending to prove ownership of the truck occasioning the injury to the plaintiff, but no evidence that at the time in question the driver thereof was in the employ of the defendant Oil Company, or engaged in its business. The Supreme Court held that evidence of the ownership of the truck was not evidence of the two other enumerated elements which were essential to warrant submission to the jury of the question in controversy; in other words, the court held:

"An inference of fact cannot be predicated upon another inference, but must be predicated upon a fact supported by evidence."

In the instant case, it is admitted that all of the Yellow cabs being operated in Toledo on October 12th by the Toledo Transfer Company were being so operated by employees of the company, engaged at the time in the company's business. So the only question remaining is whether or not there is in the record any evidence tending to prove the operation by the Toledo Transfer Company of the cab by which the plaintiff was injured.

The evidence is that no Yellow cabs other than those operated by the defendant Transfer Company had printed thereon the words "Yellow Cab." The plaintiff says that the cab by which she was injured was a Yellow cab; that she had ridden in Yellow cabs many times before and that she saw on this cab the words, "Yellow Cab." The only testimony in any respect tending to prove the possibility that there were, on October 12th, any other cabs on the streets of Toledo of the kind and make operated by

the Transfer Company, was that of the president and manager thereof, when he stated that he had information "that, at several certain times, cars are driven in from Detroit on to Cleveland and other places north and east with 'Yellow Cab,' the same insignia we have on our cars—drive-aways." The cars so driven through Toledo were, he says, driven from Detroit; that is, in the opposite direction to which the cab was proceeding which collided with the plaintiff, and, if proceeding from Detroit, would naturally be on the opposite side of the street from where plaintiff alighted from the street car.

In our opinion, there was evidence tending to prove that the Toledo Transfer Company was operating the cab in question at the time of the alleged occurrence, and if the jury so found, this defendant having admitted that all Yellow cabs operated in Toledo on October 12th were operated by its employees, an inference arises that the employee in charge thereof was acting within the scope of his employment and about his employer's business. *Rosenberg* v. *Reynolds*, 11 Ohio App., 66.

For the reasons given, the trial judge erred in directing a verdict in favor of the defendant the Toledo Transfer Company, but rightly directed a verdict in favor of the other defendant. The judgment in favor of the defendant the Yellow Taxicab Company is affirmed, and that in favor of the Toledo Transfer Company is reversed.

*Judgment accordingly.*

RICHARDS and WILLIAMS, JJ., concur.