FACH, ADMR., *v.* THE CANTON YELLOW CAB CO.

(Decided February 1, 1929.)

*Mr. C. B. McClintock,* for plaintiff in error.
*Mr. C. M. Shetler,* for defendant in error.

WILLIAMS, J. Plaintiff's decedent, Leroy Fach, who was a boy ten years of age, was struck and killed at about 6 o'clock, p. m., on May 24, 1927, by a taxicab operated by the Canton Yellow Cab Company, defendant below. The deceased was playing ball in front of his home on Lawrence road in the city of Canton, Ohio. He knocked the ball across the street and ran across to recover it. The taxicab of the defendant was coming along the street at the time and the fatality resulted.

The trial of the case in the court of common pleas resulted in a verdict and judgment in favor of the defendant. This proceeding in error is brought by the plaintiff below, as plaintiff in error here to reverse that judgment. Plaintiff in error contends that the court erred in charging the jury as follows: "The burden of establishing contributory negligence as a defense rests upon the defendant, having alleged it in its answer—unless the proof adduced on behalf of the plaintiff was of such a character as to raise a presumption of negligence on his part, or his decedent's part, in which case the burden rests upon the plaintiff to remove such presumption by a preponderance of the evidence before he would be entitled to recover."

The rule is that the burden of proving contributory negligence is on the defendant, unless the evidence adduced on behalf of plaintiff raises a presumption of contributory negligence on his part, and in that event it is the duty of the plaintiff to remove the presumption before he can recover. *Maddex* v. *Columber,* 114 Ohio St., 178, 151 N. E., 56.

To require the plaintiff to remove such a presumption by preponderance of the evidence before he

could recover placed too great a burden upon him. Plaintiff is only bound to destroy the presumption. *Klunk* v. *Hocking Valley Ry. Co.*, 74 Ohio St., 125, 77 N. E., 752. The charge given was therefore erroneous.

This charge is also subject to criticism, in that administrator's negligence could not be a bar to the right to recover.

It is also claimed by the plaintiff in error that the court erred in giving before argument defendant's request to charge No. 5, which reads as follows: "I say to you as a matter of law that the owner of an automobile is not liable in an action for damages for injuries to or death of a third person caused by the negligence of an employee in the operation of an automobile, unless it is proven that the employee, at the time, was engaged upon his master's business and acting within the scope of his employment." This request stated the rule too broadly. It is well settled that, when it is shown that at the time in question the automobile causing the death was the property of the employer and was being operated by a chauffeur, employed to operate it, a presumption or inference arises that the chauffeur was at the time acting within the scope of his employment and was on his employer's business. *Rosenberg, a Minor,* v. *Reynolds,* 11 Ohio App., 66; *Holmes* v. *Yellow Taxicab Co.,* 28 Ohio App., 382, 162 N. E., 710; and see 42 A. L. R., 915, where authorities are collected. As the request contained no reference to the law covering this phase of the case, it was erroneous and misleading.

It is contended on behalf of the defendant in error that the rule declared in *Sites* v. *Haverstick,* 23

Ohio St., 626, and allied cases, applies here, and that the judgment should therefore be affirmed. We have found, however, that there is error as to both the issue of negligence of the defendant and the issue of contributory negligence. The rule in *Sites* v. *Haverstick, supra,* therefore has no application.

It is further contended on behalf of the defendant in error that substantial justice has been done for the reason that the court below should have directed a verdict in favor of the defendant. The accident occurred in broad daylight, and there is some evidence that defendant's chauffeur was driving the taxicab along the street at a speed of thirty-five miles or more per hour. As there was evidence tending to show that the chauffeur knew of the presence of the boy, or should have known of it, by the exercise of ordinary care, and also tending to show that the chauffeur was operating the automobile at a dangerous rate of speed, and at a rate of speed which amounted to negligence and that such negligence was the direct and proximate cause of decedent's death, and as the deceased himself, by reason of his tender years, could hardly be held to be guilty of contributory negligence as a matter of law, we think the court would not have been justified in directing a verdict for the defendant. It follows that we cannot affirm the judgment, notwithstanding the errors in the record upon the ground of substantial justice.

There are no other errors apparent upon the face of the record. Those which we find, however, are prejudicial to plaintiff in error, and the judgment must be reversed and the cause remanded for new trial.

*Judgment reversed and cause remanded.*

RICHARDS and LLOYD, JJ., concur. Judges of the Sixth Appellate District, sitting by designation in the Fifth Appellate District.